UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

USA

              vs.

**CARLOS TAYLOR,**

           **Defendant.**

──────────────────────────────────────X

NOTICE OF MOTION

1:94-CR-01240-RJD-1

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Miriam Janicki-Crespo, Esq,.., attorney for Carlos Taylor, a named defendant in the within Criminal matter, affirmed on the 4TH day of March, 2010, upon the proceedings had herein, the defendant Carlos Taylor will move this Court, Chief Judge Raymond J. Dearie in Room _____, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, on the 7th day of April, 2010 at 9:30 A.M. or as soon thereafter as counsel can be heard, for an order pursuant to Federal Rule.of Criminal Procedure 32.1, granting the defendant Carlos Taylor early termination of his term of probation.

Dated:  Queens, New York
         March 4, 2010

                                                _____
                                                Miriam Janicki-Crespo, Esq.
                                                Attorney for Defendant
                                                83-15 Northern Blvd., 2nd Fl.
                                                Jackson Heights, NY 11372
                                                (718) 205-8420

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

**USA**

                                              **AFFIRMATION**

          vs.

                                              1-94-CR-01240-RJD-1

**CARLOS TAYLOR,**

          **Defendant.**

_____X

**STATE OF NEW YORK**           )
**COUNTY OF QUEENS**           )  ss.:

      Miriam Janicki-Crespo, Esq., an attorney duly admitted to the Courts of the State of New York and admitted to the Eastern District, affirms the following under penalties of perjury:

      1. I represent the defendant, Carlos Taylor, in the within application to this honorable court, and am fully familiar with the facts and circumstances set forth herein.

      2. The defendant, Carlos Taylor moves this court to terminate the remaining period of his probation.

      3. On December 22, 1995 defendant, Carlos Taylor, plesd guilty to "Defendants did knowingly and intentionally conspire to (a) import; and (b) distribute and possess with intent to distribute a Schedule II narcotic drug controlled substance (1ssss). All other counts dismissed upon government's motion.

      4. Defendant Carlos Taylor was sentenced on May 15, 1998 on count 1 of a superseding indictment. 168 months imprisonment. 5 years supervised release. $25,000.00 Fine. $50.00 Special assessment. Defendant not to possess a firearm.

      5. Defendant Carlos Taylor was released from FCI Glymer on August 13, 2007,

satisfied the judgment entered against him for the fine and assessment, and has been complying with his probation sentence as expected from August 13, 2007 to March, 2010 which is approximately two years and seven months (2 yrs. & 7 mths.).    Brian J. Kelly is the defendant's probation officer with offices at 75 Clinton Street, Brooklyn, New York 11201-4201, telephone number (347) 534-3418.    The defendant, Carlos Taylor has reported consistently, has never tested positive for drugs, is employed full time and would like to go to school to further his employment possibilities . In particular the defendant would like to continue to volunteer in the church and would like to be accepted for volunteer work at Queens Community House, but he must take English courses as this program offers a variety of opportunities to learn and gain job experience, and give something back to their communities as they train for the job market.   Being on probation gives such a negative appearance that it has made it difficult for the defendant to accomplish certain things in his life due to his current status as a person under supervised release from prison.   The defendant seeks that the court look at the change in circumstances in the defendant's life and find that he merits an early termination of his supervised release.

      6.   Pursuant to 18 U.S.C. Sec.3583(e) ("Sec. 3583"), a district court, "after considering the factors set forth in section 3553(a)," may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released  and the interest of justice". 18 U.S.C. Section 3583(e)(1). "Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution

imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). "United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)

      7.   In this matter, the defendant Carlos Taylor has shown a great change in his behavior by proving he could be a productive member of the community and sincerely regrets his prior deeds that brought him here today.   Carlos Taylor found complying with probation was simply enough, however, as time went by and he realized that there were so many different programs and activities that actually help people like the defendant to acquire a job the defendant began to change dramatically and saw himself with a future he and his family can be proud of.   However, he has been offered volunteer positions, but the positions which the defendant is most interested in are in the hospitals, however, they require that the volunteers speak fluent English as those voluntary positions can lead to potential job opportunities with the proper training.   The defendant would like to dedicate himself to working at his current job as a driver and pursue his education in an effort to better himself for the future.   However, being on supervised release is a deterrent for most employees and training facilities.   Therefore, the defendant seeks early release from his supervisory release to continue not only his volunteer work with the church he currently volunteers with, when they need him during holidays but to be able to enroll in school to acquire the proper training to pursue his employment goals.   The defendant volunteered in a Spanish speaking church from November, 2009 to January, 2010.   His job there consisted of giving food out to the poor and needy during the holidays, and stocking food pantries for the poor and need for weekly pick up.   (see Exhibit A copy of letter from Church acknowledging the

defendant's volunteer work)

8. The defendant has full time employ with Super Shuttle located in Long Island City, NY. The defendant has been employed as a driver since Feb., 2008 and is still working for Super Shuttle (see Exhibit B Employment letter by owner of Super Shuttle)

9. The defendant's family has also seen a great change for the better in the defendant's life. He is interested in an education, is busy volunteering, he is a good neighbor, the defendant finds time to entertain the children of the family, he takes them to the park and the parents in appreciation and seeing the change in the defendant have written letters to this court to show that the defendant has changed to a point that they trust the defendant to take their children to the park and confirm that they have seen a positive change in the defendant, meriting that the court consider his early release and terminate his supervisory release. (see Exhibit C copies of letters from family members)

No previous application for the relief sought herein has been requested.

WHEREFORE, based on the foregoing the defendant prays that this honorable court grant the relief sought by the defendant and terminate his supervisory release early, and for any further relief this court deems just and proper.

Dated: Queens, New York
       March 12, 2010

_____
Miriam Janicki-Crespo, Esq.
Attorney for Defendant, Carlos Taylor
83-15 Northern Blvd., 2nd Fl.
Jackson Heights, New York 11372
(718) 205-8420

# VERIFICATION

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

      I, Carlos Taylor, am the Defendant in the within Criminal matter.   I have read the foregoing motion and know the contents thereof.   The contents of the motion are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____X_____

Subscribed and sworn to before me
on March 4, 2010

_____X_____
Notary Public

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

| | |
|---|---|
| **USA** | **AFFIRMATION OF SERVICE** |
| vs. | 1:94-CR-01240-RJD-1 |
| **CARLOS TAYLOR,** | |
| **Defendant.** | |

--------------------------------------------------------X

I, Miriam Janicki-Crespo, Esq., declare under penalty of perjury that I have served a copy of the attached Notice of Motion, Affirmation and Attached Exhibits upon the following persons on March 12, 2010 by first class mail under the control and custody of the United States Postal Service:

United States Attorney's Office
Criminal Division
271 Cadman Plaza East
Brooklyn, New York 11201-1820

USPD-EDNY
Attn: Brian Kelly, Prob. Off.
75 Clinton Street
Brooklyn, New York 11201-4201

Dated: Queens, New York
March 12, 2010

_____X_____
Miriam Janicki-Crespo, Esq.
Attorney for Defendant
83-15 Northern Blvd., 2nd Fl.
Jackson Heights, New York 11372
(718) 205-8420